UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AKIVA ZAFIR, TRUSTEE OF THE ANNA ZAFIR     Docket No. 12-cv-05086 (RRM)(JO)
2006YI IRREVOCABLE LIFE INSURANCE TRUST
Dated March 1, 2006,

                 Plaintiff,                    **REPLY TO**
                                                    **COUNTERCLAIMS**
     -against-

JOHN HANCOCK LIFE INSURANCE COMPANY
(U.S.A.)

                 Defendant.
------------------------------------------------------------------x

Plaintiff, by and through the undersigned counsel, as and for its Reply to Defendant's Counterclaims, alleges as follows:

### NATURE OF ACTION

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of Defendant's Counterclaims.

### THE PARTIES, JURISDICTION AND VENUE

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of Defendant's Counterclaims.

3. Admits the allegations set forth in paragraph 24 of Defendant's Counterclaims.

4. Admits the allegations set forth in paragraph 25 of Defendant's Counterclaims.

5. Denies the allegations set forth in paragraph 26 of Defendant's Counterclaims.

6. Admits the allegations set forth in paragraph 27 of Defendant's Counterclaims.

7. Admits the allegations set forth in paragraph 28 of Defendant's Counterclaims.

8. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 29 of Defendant's Counterclaims.

### FIRST COUNTERCLAIM FOR DECLARATORY RELIEF

9. Plaintiff incorporates by reference each and every answer to paragraphs 22 through 29 of Defendant's Counterclaims as if fully set forth herein.

10. Admits the allegations set forth in paragraph 31 of Defendant's Counterclaims.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of Defendant's Counterclaims.

12. Admits the allegations set forth in paragraph 33 of Defendant's Counterclaims.

13. Admits the allegations set forth in paragraph 34 of Defendant's Counterclaims.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of Defendant's Counterclaims.

15. Denies the allegations set forth in paragraph 36 of Defendant's Counterclaims.

16. Denies the allegations set forth in paragraph 37 of Defendant's Counterclaims.

17. Denies the allegations set forth in paragraph 38 of Defendant's Counterclaims.

18. Admits the allegations set forth in paragraph 39 of Defendant's Counterclaims.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of Defendant's Counterclaims.

### SECOND COUNTERCLAIM FOR DECLARATORY RELIEF

20. Plaintiff incorporates by reference each and every answer to paragraphs 22 through 40 of Defendant's Counterclaims as if fully set forth herein.

21. Denies the allegations set forth in paragraph 42 (a) – (c) of Defendant's Counterclaims.

22. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 43 of Defendant's Counterclaims.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of Defendant's Counterclaims.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of Defendant's Counterclaims.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of Defendant's Counterclaims.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of Defendant's Counterclaims.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of Defendant's Counterclaims.

28. Admits the allegations set forth in paragraph 49 of Defendant's Counterclaims.

29. Denies the allegations set forth in paragraph 50 of Defendant's Counterclaims.

30. Denies the allegations set forth in paragraph 51 of Defendant's Counterclaims.

31. Denies the allegations set forth in paragraph 52 of Defendant's Counterclaims.

32. Denies the allegations set forth in paragraph 53 of Defendant's Counterclaims.

33. Denies the allegations set forth in paragraph 54 of Defendant's Counterclaims.

34. Denies the allegations set forth in paragraph 55 of Defendant's Counterclaims.

35. Denies the allegations set forth in paragraph 56 of Defendant's Counterclaims.

## THIRD COUNTERCLAIM FOR DECLARATORY RELIEF

36. Plaintiff incorporates by reference each and every answer to paragraphs 22 through 56 of Defendant's Counterclaims as if fully set forth herein.

37. Denies the allegations set forth in paragraph 58 of Defendant's Counterclaims.

38. Denies the allegations set forth in paragraph 59 of Defendant's Counterclaims.

39. Denies the allegations set forth in paragraph 60 of Defendant's Counterclaims.

40. Denies the allegations set forth in paragraph 61 of Defendant's Counterclaims.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. Defendant and/or its agents were aware, or had the ability to make themselves aware, of all of the facts now asserted herein as being material with respect to its decision to issue the subject policy, and as such Defendant has waived any alleged to basis to void the policy.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. Defendant and/or its agents were aware, or had the ability to make themselves aware, of all of the facts now asserted herein as being material with respect to its decision to issue the subject policy, and as such Defendant is now estopped from rescinding the policy.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. Any alleged misrepresentations on the part of Plaintiff were not material with respect to Defendant's decision to underwrite and issue the subject policy, undertake certain risks or charge specific premiums.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. Defendant through its actions has ratified the subject insurance policy.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45. Defendant is barred under the doctrine of unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46. Defendant is barred under the doctrine of waiver.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47. Defendant is barred under the doctrine of laches.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

48. Defendant is barred under the doctrine of estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

49. Defendant, in failing to refund the premium, is barred from prosecuting the instant action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

50. Defendant continued to charge, solicit and collect premiums long after learning of the alleged facts which Defendant now seeks to rely upon in rescinding the subject policy.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

51. To the extent Defendant seeks to rely upon alleged misrepresentations not incorporated within the final issued policy, such statements may not be considered in determining whether the policy may be rescinded on the basis of misrepresentation.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

52. Defendant is barred under the applicable statute of limitations as set forth under the relevant statute(s), policy or otherwise.

**WHEREFORE**, Plaintiff demands that Judgment be entered against Defendant as follows:

(a) That the Court declare the Policy to be in full force and effect;

(b) That Plaintiff be awarded attorneys' fees, costs and disbursements of this action;

(c) That Defendant's Counterclaims be dismissed in their entirety;

(d) For such other and further relief as the Court may deem just and proper.


Dated: Brooklyn, New York
       December 19, 2012

                                            /s/ Avi Rosengarten
                                            Avi Rosengarten
                                            *Attorney for Plaintiff*
                                            1704 Avenue M
                                            Brooklyn, New York 11230
                                            (718) 627-4460